UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

April 07, 2016

David J. Bradley, Clerk

| | | |
|---|---|---|
| Keith Redburn, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action V-15-32 |
| | § | |
| Charmelle Garrett, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Partial Judgment

1.    *Introduction.*

A landowner sues a city for taking his land without compensation or due process because the city's storm sewer empties into a ravine on his land. The city moves for judgment saying it has an implied easement to the ravine because it has been draining storm water there since the 1930s. The landowner raises a question of fact about whether the city has increased the volume of discharge. The landowner's claim survives.

2.    *Background.*

Victoria, Texas, is a city on the east bank of the Guadalupe River. In mid 2004, Keith Redburn bought five and one-half acres in Victoria. It is divided into two tracts that meet at a ravine. At the east end, a city-owned storm sewer spills into the ravine. Water flows through the ravine before leaving the property through another city culvert under a road, eventually draining into the river. The ravine was once natural.

In 1932, the city installed the storm sewer to drain the streets to the west. At that time, D.H. Bramann owned the tract south of the ravine, and Adolph Maeker owned the tract north of it. In 1939, Bramann deeded a small parcel of land to the city, where it built the discharge culvert. In 1941, Bramann bought the second track from Maeker, giving him the entire plot now owned by Redburn. In early 1941, the city granted Bramann's petition to build a fence across its tract above the inlet culvert to enclose his land.

3.    *Redburn's Complaints.*

On August 21, 2006, Redburn wrote the city complaining of increased water flow that was eroding his land. Receiving no response, Redburn sent more letters. Eventually he plugged the drain pipe with concrete. In 2011, Redburn sued (a) the city; (b) Charmelle Garrett, the city manager; and (c)Lynn Short, the director of public works, in the 377th District in Victoria County. Redburn seeks a declaratory judgment and injunction on the theories that the city: (a) violated the Texas Water Code; (b) trespassed; (c) damaged his property; (d) created a public nuisance; and (e) created a private nuisance.

The city cross-claimed for an order for Redburn to remove the plug and to recognize its easement for the drainage into the ravine.

That court dismissed Redburn's claims against Garrett , Short, and trespass by the city because Garrett, Short, and the city were immune from suit. The only claim not barred by immunity was Redburn's claim for a declaratory judgment that the city does not have an easement over his property because the city had waived its immunity through its cross claims.

On remand to the trial court, Redburn filed a second amended petition adding a federal claim: that the city took his property without just compensation. The city removed.

Redburn now claims: (a) trespass; (b) taking; and (c) property damage from an overflow of water that the city diverted to his property; violating a state law[1]. The city claims that (a) it has an easement to Redburn's property and (b) Redburn retarded the flow of storm sewage by plugging the culvert; a violation of a city ordinance[2].

4.    *Limitations.*

Redburn says that abnormal levels of water is flowing through his land because of a new drainage pipe that the city connected to the old drainage field. Water has flowed over his land since 1932. The city says that he brought his claims after the time limitation.

---

[1] Tex. Water Code § 11.086 (a).

[2] Tex. Local Gov't Code § 54.017.

The limitations period starts to run when the injury is complete, the plaintiff knows about the injury, and knows its cause. Redburn claims two different types of injuries, the flow of water on to his land, trespass; and the erosion the water causes, a government taking.

### A.     Trespass.

Damage to property is a trespass. The Texas statue of limitations for a trespass is two years.[3] Redburn wrote to the city to complain about the water on August 21, 2006. The limitations expired, at the latest, in 2008. Redburn did not sue until 2011. His trespass claim will be dismissed as untimely.

### B.     Taking.

Redburn says the city increased water flowing through the culvert, eroding his land. Federal law authorizes some actions that stem from violations of constitutional rights.[4] State law determines how long a person has to sue.[5]

In Texas, a landowner has ten years to sue when the government takes his land and does not compensate him. When the land is taken gradually, as with erosion, the limitations period begins when the extent of the damage is reasonably foreseeable.

The limitations period does not restart every time ownership transfers. Here, the limitations period began when Redburn – or his predecessor in title – reasonably should have foreseen that increased water flow would cause more erosion.

Redburn sued on April 14, 2011. He can only recover for erosion that was reasonably foreseeable after April 14, 2001.

### 5.     Increased Water Flow.

Redburn says that when the city expanded its drainage system, it took his land for public purposes by causing more water to flow through and erode his land. Redburn

---

[3]Tex. Civ. Prac. & Rem. Code § 16.003.

[4]42 U.S.C. § 1983.

[5]Owens v. Okure, 488 U.S. 235, 239 (1989).

must show that: the government did something; that caused more of his land to erode; and for the public's benefit.[6]

An expropriate taking may increase over time. If the city takes part of Redburn's land, but later it expands its initial use, it must compensate for the additional diminution in Redburn's land value.

The city admits that it now uses Redburn's land as the final stage in part of its drainage system. The drainage empties onto the land and flows through a ravine until it ends in the Guadalupe River. The city says that Redburn's predecessor in title allowed the city to use the land for drainage.

The ravine on Redburn's land has been used by the city to drain storm water since the 1930s. Redburn bought the land in 2004.

Redburn says that the city had expanded the drainage system that empties onto his land from 2002 to 2007.

The city says that it has not added any pipes to the drainage system since 2000. The city has records of public works projects and plats of its drainage system, but it has not produced those documents.

Redburn raises a fact issue that is determinative of the resolution of this case. The city's motion for judgment will be denied without prejudice.


6.    *Res Judicata.*

Redburn is barred from relitigating his claims under the Texas Water Code because a court with jurisdiction has already resolved this matter, and he agrees to the dismissal of this claim.


7.    *City Claims.*

The city wants a civil penalty for Redburn's culvert plug. To collect a civil penalty under Texas Local Government Code Section 54.017, the city must prove that Redburn was notified of his infraction.

On April 7, 2011, the city notified Redburn that he had violated the ordinance. On April 27, 2011, a court ordered Redburn to remove the concrete. Redburn complied. By electing to only remove the plug, the City is barred from requesting any new remedies that will manifest injustice against Redburn. While Redburn's act had the potential to damage the public, the city does not say that it did. The court declines to

---

[6]*Abilene v. Smithwick*, 721 S.W.2d 949, (Tex. App. Eastland 1986).

fine Redburn for the obstruction and its removal, omitting a lengthy discussion of the questionable constitutionality of arbitrary amendments by ordinary city staffers.

8.    *Conclusion.*

The city's request for a civil penalty is denied. A permanent injunction against Redburn from blocking the storm drain will be granted.

Signed on April 7, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge