UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
March 10, 2017
David J. Bradley, Clerk

| | | |
|---|---|---|
| Keith Redburn, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action V-15-32 |
| Charmelle Garrett, et al., | § § § | |
| Defendants. | § | |

## Opinion on Judgment

1.  *Introduction.*

    A landowner sues a city for using his property as a surface route for storm water drainage. The city claims an easement. The landowner says his title does not include it. He argues that if the city has an easement, it has (a) not accommodated his use of the surface, (b) exceeded the scope of the original easement, and (c) created a nuisance. The city has an easement; the landowner will take nothing.

2.  *Background.*

    In 2004, Keith Redburn bought five and one-half acres in Victoria, Texas, a city on the east bank of the Guadalupe River. The property was divided into two tracts that meet at a ravine. At the east end, since 1932 a city-owned storm sewer spills into the ravine. Water flows along the ravine before leaving the property through another city culvert under another road, eventually to drain into the river. The ravine and the paved-over ends were once a natural drain for rain water.

    In 1932, the city installed the storm sewer to drain the streets to the west. At that time, D.E. Bramann owned the tract south of the ravine, and Adolph Maeker owned the tract north of it. In 1939, Bramann deeded a small parcel of it to the city to build the discharge culvert. In 1941, Bramann bought the second tract from Maeker, giving him the whole plot now owned by Redburn. In early 1941, the city granted Bramann's petition to build a fence across the ravine so that he could fully enclose his land.

3. *Posture.*

On August 21, 2006, Redburn wrote the city complaining that increased water flow was eroding his land. Receiving no response, Redburn sent more letters. Then growing tired five years later, he plugged the drain pipe with concrete. In 2011, Redburn sued (a) the city; (b) Charmelle Garrett, the city manager; and (c) Lynn Short, the director of public works, in the 377th District Court of Victoria County. Redburn sought a declaratory judgment and injunction because the city (a) violated the Texas Water Code; (b) trespassed; (c) damaged his property; (d) created a public nuisance; and (e) created a private nuisance.

The city cross-claimed to compel Redburn to remove the plug and to affirm its easement for the drainage through the ravine.

The original trial court dismissed Redburn's claims. On appeal, the court (a) affirmed the dismissal of Redburn's claims against Garrett and Short; (b) overruled his claims against the city for trespass and for violation of the Texas Water Code; and (c) remanded his claim that the city does not have an easement.

In the trial court, Redburn added a federal claim. He argued that the city took his property without just compensation. The city removed.

This court has decided that (a) the city has no civil penalty against Redburn and (b) Redburn may not block the storm drain. Now the court will decide the competing claims about the existence of a drainage easement.

4. *Easement.*

Redburn says that the city has no easement over his property because it does not appear on the website's list of easements. As a convenience to the public, Victoria lists its easements on its website. City compilations of secondary data from other records is not an element of a land title.

The city insists that it has an implied easement by (a) estoppel; (b) pre-existing use; and (c) necessity.

A landowner may not deny the existence of an easement that was made in reliance on representations which have been acted upon by the promisee to his detriment.[1]

---

[1] Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 209 (Tex. 1962).

The storm sewer was installed in 1932. After its completion, Redburn's predecessor in interest, D.E. Bramann, petitioned the city to allow him to build a fence across the ravine and to place tiling in it to support the fence. He publicly acknowledged the city's right to use the ravine for drainage and took responsibility for any damage that might be caused by that flow to his property. The city – relying on his representations – allowed the construction of the fence.

The city has an easement by estoppel to drain across ravine Redburn's property. He may not obstruct the flow of water in the ravine.

5. *Accommodation.*

Redburn insists that if the city has an easement, it must accommodate his use of the property. The right to an accommodation does not apply to a drainage easement; it applies the use of the surface estate in conjunction with the extraction of minerals or water from the dominant, mineral estate.

Because Redburn purchased the property subject to the drainage easement, the city has no duty to accommodate his use.

6. *Scope.*

Redburn argues that the city has exceeded the scope of the easement. Neither party can establish the easement's original scope. The easement now is the one that would have accomplished the original purpose within reasonably narrow limits as determined by a fully-informed, disinterested person. That is its scope today. The ravine represents a natural drainage course. The storm sewer that opens into the ravine only carries the runoff from the land that was drained in 1932.

In an abundance of caution, the court compelled the city to produce data about water flow and drainage area. Those data show that, if there is an increase in the area drained, it has been generated by changes in land use by private land owners at the edge of the original field. This negates willful or careless acts by the city. The additional area is marginal – not a material change. The only change to the mechanics of the flow has been a likely increase in the velocity of the drainage, giving the water additional force. Without technical support from Redburn, the possibility that that represents an expansion collapses.

7.  *Nuisance.*

Redburn may not relitigate his nuisance claim. A court with jurisdiction has already resolved this matter finally, and it was not resurrected on appeal.

8.  *Conclusion.*

The city of Victoria has an implied drainage easement across Keith Redburn's property; he will take nothing.

Signed on March 9, 2017, at Houston, Texas.

                                          Lynn N. Hughes
                                      United States District Judge